UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JERMALL ANDERSON,<br><br>               Defendant. | Case No. 23-cr-10216-DJC |

## GOVERNMENT'S SENTENCING MEMORANDUM

From at least 2012 through 2016, defendant Jermall Anderson ran a multi-state sex-trafficking operation involving dozens of victims, millions of dollars, and kilograms of heroin and crack cocaine.  He did so often from the comfort of his own apartment in Massachusetts while employing others, like his charged co-defendants, to transport and supervise the victims at hotels all over New England and the mid-Atlantic states.  Anderson knew his business.  He knew how to find women to prostitute, to keep his operations going, to keep making money.  He found his victims in drug rehab centers. He found them homeless.  He found them desperate, so desperate that they would do anything to have a place to stay, some food, and that next dose of heroin that they needed.

Once he recruited and enticed his victims to start working for him, he also knew how to keep them working.  He used fear, violence, threats, and most often, drugs to keep these women working day in and day out, making money, money that they all gave back to Anderson.  Anderson knew that for most of his victims, all he needed was heroin to keep them compliant and making money for him.  He knew that these women would do anything to get the heroin they needed, the heroin that he controlled.  That is why he picked them.  That is why he sent women into drug rehab facilities to recruit more women for his trafficking operations.  He was acutely aware of just how

1

much power he could wield over these victims if he controlled their drug supply. Using that power, he forced these women into incredibly dangerous situations – putting their lives and their bodies on the line every time they met a new stranger to have sex with.

While Anderson was putting these women in extreme danger, he was keeping himself quite safe. He controlled his operations from his apartments in Massachusetts. He outsourced the drugs, the surveillance of his victims, the transportation, and the violence to others within his organization. However, as the victims explained to investigators, when Anderson, the boss, showed up, they knew they were in trouble. Whoever Anderson was to the people he actually cared about, his family and friends, he was the boss to his victims. He was the boss who took their money, withheld drugs from them when they wanted a break or did not make enough money, who abandoned them in hotel rooms in far away states where they had no friends or family when he thought they had misbehaved, who sent his men to beat them when they talked back, and who, when things were really bad, showed up himself to terrorize these women and keep them in line. He was the boss. Because of Anderson's brutal conduct towards his victims, and in accordance with the parties' plea agreement, the government is recommending a sentence of 180 months' imprisonment and 60 months of supervised release to follow.

## I.    ADVISORY SENTENCING GUIDELINES AND STATUTORY PENALTIES

The Presentence Report ("PSR") prepared by the United States Probation Office ("USPO") found that the defendant's base offense level for the most serious charge, sex trafficking by force, fraud, and coercion was 34. PSR ¶ 84.[1] The defendant received a two-level increase because he knew his victims were vulnerable. PSR ¶ 86. He received another four-level increase because he

---

[1] This base offense level and the enhancements were applied to all counts of sex-trafficking.

was a leader and organizer of the criminal activity.  PSR ¶ 87.  Because his crimes involved seven victims, he received a five-level increase.  PSR ¶ 127.  His combined adjusted offense level was 45.  PSR ¶ 129.  The defendant received a two-level reduction for acceptance of responsibility.  PSR ¶ 131.  The defendant's final total offense level was 43.  PSR ¶ 133.  The defendant has a total criminal history score of two, which places him in Criminal History Category II.  PSR ¶¶ 143-144.  The defendant's mandatory minimum term of imprisonment is 15 years.  PSR ¶ 185.  Given the resulting total offense level and criminal history, the defendant's Guidelines Sentencing Range ("GSR") is life in prison and five years to life of supervised release.  PSR ¶¶ 186, 192.

## II.    18 U.S.C. § 3553(a) SENTENCING FACTORS

Consideration of the § 3553(a) factors demonstrates that 180 months' incarceration and five years of supervised release is sufficient, but not greater than necessary, to meet the goals of sentencing.

### A.  <u>Nature of the Offense</u>

This defendant preyed on the weak and vulnerable.  He recruited women out of drug rehab centers.  He enticed these women with promises that they would have a place to stay and would be taken care of.  Then, he or one of his workers, took the women out of state, where they had no friends or family, no money, no support structure, and no means of getting home.  When they were isolated, craving their next dose of drugs, or their next meal, he put them to work prostituting on his behalf.

Indeed, few crimes offend the public's core values as deeply as sex trafficking.  "[S]ex trafficking infringe[s] upon the individual rights and freedoms that are central ideals to the United States and are protected under the U.S. Constitution."[2]  Given the seriousness of these crimes, it

---

[2] U.S. Dep't of Justice, "National Strategy to Combat Human Trafficking," at 3 (Jan. 2022), *available at*

should come as no surprise that Congress chose to punish sex trafficking with a mandatory minimum term of 15 years of imprisonment. The nature of Anderson's offenses, including the violence and coercion he used against his victims, requires a 15-year sentence of imprisonment.

### B. History and Characteristics of the Defendant

Anderson had other options but chose to make money by trafficking vulnerable victims. Unlike many defendants that come before this Court, Anderson is a U.S. citizen with no legal barriers to lawful employment. He was able to graduate from high school and find some lawful employment. PSR ¶¶ 172, 176-80. Despite having employment opportunities, instead of pursuing legitimate work, Anderson forced women to prostitute on his behalf for his own financial benefit.

### C. Deterrence and Protection of the Public

For these heinous crimes, a sentence of imprisonment of 180 months is warranted. It is also the minimum sentence the court can impose. As stated above, this defendant had other options in his life but chose to traffic women. Troubling to the government is the fact that despite pleading guilty to these crimes, the defendant has made several filings on the docket bemoaning his treatment by the government. Docket No. 155 at 2 ("Jermall Anderson . . . respectfully moves this honorable court identify that he has been treated unfairly."). He claims that he was "not offered any plea deals" and "only hopes to be treated fairly." *Id.* He also attacks the credibility of victims in this case. Docket No. 157. If the Court accepts the plea agreement in this case, the defendant will receive a 15-year prison sentence. For these crimes, the Court can go no lower. The statements of the defendant suggest that he is still struggling to accept responsibility for his crimes. The government maintains that 15 years in prison is a just sentence in this case and will hopefully

_____

*https://www.justice.gov/d9/press-releases/attachments/2022/01/31/doj_ht_strategy.pdf.*

4

deter this defendant from ever again engaging in criminal conduct.

## III.    RESTITUTION

Under 18 U.S.C. § 1593, the victims in this case are entitled to mandatory restitution for the "value to the defendant of the victim's services or labor to the defendant."  The government requests that the Court adopt the analysis and calculations outlined in PSR ¶¶ 47 – 74.  These calculations represent a conservative estimate of the value of the victims' services and labor to the defendant.  Given that Anderson took all the money these women made during the course their trafficking, the victims are entitled to restitution in the amounts specified in the PSR.

## IV.    CONCLUSION

Because Anderson used violence, threats, and coercion to force his victims to prostitute for his own financial benefit, this Court should accept the parties agreed-upon disposition and sentence him to 180 months in prison and 60 months of supervised release and order restitution as described in the PSR.

Dated: March 5, 2025                        Respectfully submitted,

                                            LEAH B. FOLEY
                                            United States Attorney

                              By:    /s/ *Stephen W. Hassink*
                                     Stephen W. Hassink
                                     Assistant United States Attorney

                                     .

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed today through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

> */s/ Stephen W. Hassink*
> Stephen W. Hassink
> Assistant United States Attorney

March 5, 2025