UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

LATASHA ANDERSON,

Defendant.

Case No. 23-cr-10216-DJC

**GOVERNMENT'S SENTENCING MEMORANDUM**

From at least 2012 through 2016, defendant Jermall Anderson ran a multi-state sex-trafficking operation involving dozens of victims, millions of dollars, and kilograms of heroin and crack cocaine. He did so often from the comfort of his own apartment in Massachusetts while employing others, like defendant Latasha Anderson, to transport and supervise the victims at hotels all over New England and the mid-Atlantic states. Anderson knew how to find women to prostitute, to keep his operations going, to keep making money. He found his victims in drug rehab centers. He found them homeless. He found them desperate, so desperate that they would do anything to have a place to stay, some food, and that next dose of heroin that they needed.

Latasha Anderson played an integral role in Anderson's sex-trafficking operations as one of his subordinates. She rented hotels and cars to transport the women to hotels in different states, including Connecticut and Rhode Island from which they prostituted; collected money from these women which she transmitted to Anderson; obtained heroin and other drugs using the prostitution proceeds; controlled and doled out heroin to the drug addicted women as a reward or punishment to keep them prostituting for the organization; regularly reported to Anderson regarding the status of the women, whether any of the women were complaining or not making enough money; and reinforcing Anderson's rules to these women. She effectively functioned as one of Anderson's on-

1

site managers in his larger sex trafficking operation. Several of the women were afraid of Latasha and knew that she was Anderson's representatives at the hotels from which they worked. Although Latasha took her directions from Anderson, her willingness to transport, entice, and coerce vulnerable women to work as prostitutes enabled Anderson to effectively run his large, multi-state, sex-trafficking operation.

## I.      ADVISORY SENTENCING GUIDELINES

The Presentence Report ("PSR") prepared by the United States Probation Office ("USPO") found that the defendant's base offense level for the coercion and enticement, the count of conviction, was 14. PSR ¶ 31. The defendant received a four-level increase because the offense involved fraud and coercion. PSR ¶ 32. The defendant received a two-level increase because she knew his victims were vulnerable. PSR ¶ 33.[1]  Because her crimes involved two victims, she received a two-level increase. PSR ¶ 45. Her combined adjusted offense level was 22. PSR ¶ 46. The defendant received a three-level reduction for acceptance of responsibility. PSR ¶¶ 48-49. The defendant's final total offense level was 19. PSR ¶ 50. The defendant has a total criminal history score of zero, which places her in Criminal History Category I. PSR ¶¶ 54-55. Given the resulting total offense level and criminal history, the defendant's Guidelines Sentencing Range ("GSR") is 30 – 37 months in prison and five years to life of supervised release. PSR ¶¶ 100, 103.

## II.      18 U.S.C. § 3553(a) SENTENCING FACTORS

Consideration of the § 3553(a) factors demonstrates that 30 months' incarceration and five years of supervised release is sufficient, but not greater than necessary, to meet the goals of

---

[1] The government failed to include this enhancement in its plea agreement with the defendant and is bound by its calculation of the GSR. However, pursuant to the plea agreement, the government is permitted to recommend a sentence of incarceration at the low end of the Guidelines sentencing range as calculated by the Court at sentencing.

sentencing.

### A.  <u>Nature of the Offense</u>

This defendant exploited the weak and vulnerable.  She worked for an organization whose sole goal was to make money by exploiting vulnerable women for commercial sex.  Latasha played an important role in the organization.  By driving women to hotels, renting cars, posting them on prostitution websites, and worst of all, giving and withholding heroin and crack to vulnerable victims, this defendant played an integral part in the organization.

### B.  <u>History and Characteristics of the Defendant</u>

Anderson paid Latasha some money to perform these coercive functions for him, but it is unclear how much.  It is clear that working for Anderson also allowed her to continue to feed her drug addiction.  Latasha has a history of struggles with mental health, addiction, and intermittent homelessness.  To a certain extent, Anderson used those vulnerabilities to entice Latasha to work for him.  However, based on her history, Latasha could have pursued lawful employment rather than criminal activity.  PSR ¶¶ 93-96.  It is also troubling that someone who was struggling in life like Latasha, chose to exploit those who were in even worse circumstances, and to do so for financial benefit.  Latasha had other options but chose to make money by working for Anderson in the trafficking of vulnerable victims.

### C.  <u>Avoiding Unwarranted Sentencing Disparities</u>

Latasha's co-defendant Jennifer Fortier, who performed a similar role in Anderson's organization, received a sentence of 58 months in prison.  Based on the testimony from the victims and the different crimes of conviction, Latasha should receive a lesser sentence than Fortier.  From the victims' testimony, the government learned that Fortier was more violent and threatening to the victims than Latasha.  However, Latasha should not go unpunished.  30 months in prison, the

low end of her GSR, is sufficiently below Fortier's sentence to account for their different culpabilities. To go lower would be to risk an unwarranted sentencing disparity between the two co-defendants.

### III. CONCLUSION

For the reasons set forth herein including the sentencing guidelines and the factors set forth in § 3553(a), the government recommends that the Court sentence the defendant to 30 months' imprisonment and five years of supervised release.

Dated: June 4, 2025

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:  /s/ *Stephen W. Hassink*
Stephen W. Hassink
Assistant United States Attorney

.

### CERTIFICATE OF SERVICE

I hereby certify that this document filed today through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Stephen W. Hassink*
Stephen W. Hassink
Assistant United States Attorney

June 4, 2025